CASE 60—ACTION TO DECLARE AN ASSIGNMENT—OCTOBER 8.

# Aulick v. Reed.

### APPEAL FROM BRACKEN CIRCUIT COURT.

1. ASSIGNMENT BY OPERATION OF LAW—PLEADING—ANSWER.—In an
   action to have a mortgage declared to operate as an assign-
   ment for the benefit of creditors under the act of 1856, an answer
   by the mortgagee denying that the mortgage "was made in con-
   templation of insolvency, or with the design to prefer one or
   more creditors," was insufficient without the further allega-
   tion that it was executed "in good faith to secure a debt or lia-
   bility created simultaneously with such mortgage."

2. PRACTICE—SUBMISSION AT APPEARANCE TERM ON PETITION AND
   ANSWER.—Notwithstanding the insufficiency of the answer, it
   was error to render judgment in accordance with the prayer
   of the petition without a submission, where a *pro confesso* judg-
   ment had been set aside to permit the answer to be filed.

LESLIE T. APPLEGATE FOR APPELLANT.

It was error to render judgment at the appearance term, the

[ 30 ]

466   KENTUCKY REPORTS.  [Vol. 104.

Aulick v. Reed.

answer traversing some of the substantive averments of the
petition. Civ. Code, sec. 366; Gruell, &c., v. Smalley, 1 Duv., 358.

H. P. WILLIS FOR APPELLEE.

1. The intention to prefer lying solely within the knowledge of Tee-
garden, his failure to deny such intention concludes that ques-
tion. Terrill v. Jennings, 1 Met., 450; Bank of U. S. v. Huth, 4
B. M., 423; Lowry v. Fisher, 2 Bush, 70.

2. The facts alleged raise a strong presumption of insolvency and
an intention to prefer. Applegate & Co. v. Murrill, &c., 4 Met.,
22; McKee, &c., v. Scobee, &c., 80 Ky., 124; Thompson, &c., v.
Heffner's Exrs., 11 Bush, 353.

3. Aulick could not answer for Teegarden. Section 25, Civil Code,
is not applicable to such a case. Joseph v. Lyon & Davis Bros.,
9 Ky. Law Rep., 324.

4. Aulick's answer did not present a defense. Terrill v. Jennings,
heretofore cited; 1 Chitty's Pleadings, 565-6-7.

JUDGE HAZELRIGG DELIVERED THE OPINION OF THE COURT.

Appellee, Reed, seeks to set aside a mortgage executed
by his debtor, Teegarden, to appellant, Aulick, on the
ground that it was made in contemplation of insolvency,
and with the design to prefer one or more creditors, to
the exclusion in whole or in part of appellee and other
creditors. The mortgage is exhibited with the petition,
and recites that in consideration of $2,000 the mortgagor
conveys certain lands to Aulick, and, further, that "the
grantor, Teegarden, has this day executed to the grantee
a note for two thousand dollars, due one year thereafter."
Whether any money was furnished the mortgagor simul-
taneously with the execution of the instrument is not made
to appear in the writing, and its recitations are entirely
consistent with the fact, if it be a fact, that the debt thus
secured was a pre-existing debt. At the appearance term
of the court, no answers being in, the cause, on motion of
the plaintiff by his attorney, "was ordered to be submitted
as to the defendant, Aulick." On the succeeding day, July

Aulick v. Reed.

14, 1896, on motion of Aulick's attorney, "the orders submitting the cause as to him are set aside;" and thereupon "the defendant Aulick, by his attorney, produced and filed his answer." On the succeeding day, July 15th, on motion of the plaintiff's attorney it was "ordered that this cause be submitted as to the defendant, F. M. Teegarden." Ignoring the answer of Aulick, and without further submission of the case, after the order of submission as to him had been set aside, the court, on July 17th, proceeded to set aside the mortgage and direct a sale of the land to pay the debt of Teegarden. It is insisted for appellee that this course was proper, because the answer of Aulick was evasive, and insufficient in law to support a defense. But it seems to us, irrespective of that question, and we shall consider it presently—the defendant, Aulick, under the practice prevailing in this State, having appeared, and without objection filed his answer, after getting an order submitting the case as to him set aside, was entitled to some notice that the case was to be taken by the court on submission. There was neither a motion to resubmit, nor a submission in fact; and under our practice it would seem clear that the defendant was taken unawares, and has not had his day in court.

As to the answer, we regard it insufficient. Its sole averments, consist in a denial that the mortgage to Aulick "was made in contemplation of insolvency, or with the design to prefer one or more creditors." It seems to us that the plaintiff having by his pleadings presented a state of case which, under the sweeping terms of the statute, operated as a transfer and assignment of all the property and effects of the debtor for the benefit of all his creditors, it was incumbent on the mortgagee, in order to avail himself of the exceptions provided for in the statute, to aver that

his mortgage was "executed in good faith to secure a debt or liability created simultaneously with such mortgage." He is not supposed to know whether the mortgagor made the conveyance in contemplation of insolvency, but he does know whether his debt thus attempted to be secured was a pre-existing one, or whether the mortgage was executed in good faith to secure a debt created when the instrument was executed. It is true, he denies in the answer that the mortgage was executed with the *design* to prefer. Still, as matter of fact, it may have been a preference, so far as any facts are stated showing the contrary. But, for reasons given, the judgment is reversed for proceedings consistent herewith.